# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| MUDDY WATERS CAPITAL LLC, <br><br> Plaintiff, <br><br> v. <br><br> CARLOS ANTÓNIO VASCONCELOS MOTA DOS SANTOS and MOTA-ENGIL, SGPS, S.A., <br><br> Defendants. | Civil Case No. 1:25-cv-02090 |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

BACKGROUND ....................................................................................................................2

LEGAL STANDARD.............................................................................................................3

ARGUMENT ..........................................................................................................................4

      I.      Plaintiff cannot make a *prima facie* case for personal jurisdiction.........................4

            A.      Plaintiff cannot establish general jurisdiction..............................................4

            B.      Plaintiff cannot establish specific jurisdiction. ............................................5

                  1.      Plaintiff cannot show the claims "arise out of or relate to" Defendants' contacts with Texas. .....................................................6

                  2.      Plaintiff cannot show "purposeful direction" because Texas was not the "focal point" of the Expresso article. .................................7

                  3.      Plaintiff's mere presence in Texas does not confer personal jurisdiction over foreign Defendants. ..............................................8

            C.      *Block* provides the blueprint for dismissal....................................................9

      II.     Exercising personal jurisdiction would offend traditional standards of fair play and substantial justice. ...........................................................................................10

CONCLUSION.....................................................................................................................13

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alpine View Co. v. Atlas Copco A.B.*,
   205 F.3d 208 (5th Cir. 2000) ...................................................................................................4

*Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.*,
   480 U.S. 102 (1987) ............................................................................................................11, 12

*Block v. Barnes*,
   No. 1:22-CV-869-LY, 2023 WL 2732552 (W.D. Tex. Mar. 30, 2023), *report
   and recommendation adopted*, No. 1:22-CV-869-DAE, 2023 WL 4582396
   (W.D. Tex. July 18, 2023) .........................................................................................1, 4, 9, 10

*BNSF Ry. Co. v. Tyrrell*,
   581 U.S. 402 (2017) ...................................................................................................................5

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*,
   582 U.S. 255 (2017) ................................................................................................................4, 6

*Calder v. Jones*,
   465 U.S. 783 (1984) ...................................................................................................................7

*Clemens v. McNamee*,
   615 F.3d 374 (5th Cir. 2010) .....................................................................................................9

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ...................................................................................................................5

*Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*,
   24 F.4th 491 (5th Cir. 2022) ......................................................................................................8

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
   592 U.S. 351 (2021) ...................................................................................................................5

*Johnson v. TheHuffingtonPost.com, Inc.*,
   21 F.4th 314 (5th Cir. 2021) ......................................................................................................6

*Johnston v. Multidata Sys. Int'l Corp.*,
   523 F.3d 602 (5th Cir. 2008) ...................................................................................................11

*Libersat v. Sundance Energy, Inc.*,
   978 F.3d 315 (5th Cir. 2020) .....................................................................................................6

*M. W. Prince Hall Grand Lodge, Free & Accepted Masons of La., Inc. v. Anderson*,
   No. 24-30517, 2025 WL 1576802 (5th Cir. June 4, 2025) .............................................3, 4, 5, 7

*Pearson v. Shriners Hosps. For Child., Inc.*,
   133 F.4th 433 (5th Cir. 2025), *cert. denied*, 146 S.Ct. 329 .......................................................4

*Revell v. Lidov*,
   317 F.3d 467 (5th Cir. 2002) ................................................................................................8, 9

*Rusesabagina v. GainJet Aviation, S.A.*,
   No. 24-50630, 2025 WL 2674549 ...........................................................................................6

*Sangha v. Navig8 ShipManagement Priv. Ltd.*,
   882 F.3d 96 (5th Cir. 2018) ........................................................................................4, 10, 11

*Scivic Eng'g Am., Inc. v. Spark Power Corp.*,
   No. 5:21-CV-00572-XR, 2021 WL 3849719 (W.D. Tex. Aug. 26, 2021) ..............................12

*Tercica, Inc. v. Insmed Inc.*,
   No. C 05-5027 SBA, 2006 WL 1626930 (N.D. Cal. June 9, 2006) ........................................12

*Walden v. Fiore*,
   571 U.S. 277 (2014) .............................................................................................................5, 8

*Wien Air Alaska, Inc. v. Norddeutsche*,
   No. 95-10144, 1995 WL 449649 (5th Cir. July 12, 1995) ................................................11, 12

Defendants Carlos António Vasconcelos Mota dos Santos ("Mota Santos") and Mota-Engil, SGPS, S.A. ("Mota-Engil," and with Mota Santos, "Defendants") file this motion to dismiss Plaintiff Muddy Waters Capital LLC's ("Muddy Waters" or "Plaintiff") Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## INTRODUCTION

This lawsuit should be summarily dismissed for lack of personal jurisdiction because it has nothing to do with Texas. Mota-Engil is a Portuguese holding company. Mr. Mota Santos is a Portuguese citizen and resident. Plaintiff's claims deal exclusively with statements Mr. Mota Santos made to a Portuguese newspaper in a wide-ranging interview on topics relevant to a Portuguese audience that was conducted in Portugal and in Portuguese. The statements on which Plaintiff's claims are based concern Muddy Waters and its foreign affiliates' Portugal-based short-selling activity in Mota-Engil stock, which is listed on a Portuguese stock exchange.

Plaintiff knows that this case does not belong in Texas. Indeed, two years ago, this Court dismissed a similar defamation lawsuit filed by Muddy Waters's principal, Carson Block, for lack of personal jurisdiction.[1] In that case, the allegedly defamatory statements were published in the *Wall Street Journal*, a "New York-based publication" that was not "specifically directed at Texas residents." This Court dismissed the claims because the case had no Texas nexus apart from the plaintiff's presence in the state. While the *Block* lawsuit had no business being filed in Texas, it had a closer connection to the state than this case—the statements in *Block* were at least made in English to a newspaper that is well-known and widely distributed in Texas. Here, Mr. Mota

---

[1] *Block v. Barnes*, No. 1:22-CV-869-LY, 2023 WL 2732552 (W.D. Tex. Mar. 30, 2023), *report and recommendation adopted*, No. 1:22-CV-869-DAE, 2023 WL 4582396 (W.D. Tex. July 18, 2023).

1

Santos's statements were published in a language that few Texans speak, in a newspaper few Texans know exists.

The Court should do as it did in *Block* and dismiss the Complaint in its entirety for lack of personal jurisdiction.

## BACKGROUND

Mota-Engil is a Portuguese holding company with a principal place of business in Porto and controlling interests in subsidiaries that operate mainly in civil construction and public works sectors in Europe, Africa, and Latin America. Compl. ¶ 20. Mr. Mota Santos, a Portuguese citizen and resident, serves as Mota-Engil's CEO. *Id.* ¶ 21.

Muddy Waters is a short seller. *Id.* ¶ 19. It takes short positions in a target company's stock, betting that the stock price will go down. *See id.* ¶ 28. In 2024, Muddy Waters disclosed that two of its managed funds, both of which are organized and based in the Cayman Islands, took large short positions in Mota-Engil stock (which trades on the Lisbon Euronext Stock Exchange) to the Comissão do Mercado de Valores Mobiliários ("CMVM"), the Portuguese analog of the U.S. Securities and Exchange Commission. *See id.* ¶¶ 44–52.

This case concerns a lengthy article published by *Expresso*, a Portuguese newspaper, regarding an interview one of its reporters conducted with Mr. Mota Santos. *See id.* ¶ 85. The interview, conducted in Portuguese by a Portuguese reporter, covered a host of topics relevant to a Portuguese audience, namely the Portuguese construction industry's capacity to handle Portugal's upcoming public infrastructure projects, including high-speed rail projects between Porto and Lisbon, the new Lisbon airport, and metro expansions in Porto and Lisbon. *See* Compl. Ex. A. There was no mention of Texas.

Near the end of the interview, the reporter asked Mr. Mota Santos a single question about Muddy Waters's short-selling activity. The reporter framed the question by noting a recent decline

in Mota-Engil's stock price, which she characterized (in Portuguese) as "caused by an investment fund considered a 'vulture,' Muddy Waters, who bets on stocks to fall." Compl. ¶ 92. The reporter asked Mr. Mota Santos: "Should these movements be more controlled?"[2] *Id*.

Mr. Mota Santos responded (as translated into English by Plaintiff): "They should. I think there is market manipulation. I am not a capital market specialist or capital market regulation expert, but in my view, there was market manipulation[.]" Compl. Ex. A. Although he acknowledged that "[t]his fund may be followed by other funds," he said that he believed that multiple funds had "coordinated" their positions in a "concerted action to destroy the value" of Mota-Engil's stock because he believed "there are no coincidences." *Id*. He expressly qualified the entirety of his statements on this issue as his "personal opinion," and explained that "doesn't mean it's the company's opinion." *Id*. The interview was published in Portuguese on *Expresso's* website on December 26, 2024. *See* Compl. ¶ 86.

Nearly a year to the day after the article was published (and right as the statute of limitations was expiring), Muddy Waters filed this lawsuit in Texas, asserting that Mr. Mota Santos's statements were defamatory under Texas law. In the interim, Mota-Engil's stock price has nearly doubled, and the short position that Muddy Waters maintains in Mota-Engil stock through its managed funds is likely out of the money, which may result in significant losses unless the position is covered or hedged in some way.

**LEGAL STANDARD**

To maintain a suit in this jurisdiction, a plaintiff must make a *prima facie* case that the court has personal jurisdiction over each defendant. *See M. W. Prince Hall Grand Lodge, Free &*

---

[2] All translations are pulled from the Complaint, and Defendants do not concede the accuracy of the translation for any purpose other than solely for this motion.

3

*Accepted Masons of La., Inc. v. Anderson*, No. 24-30517, 2025 WL 1576802, at *2, *6 (5th Cir. June 4, 2025). To do so, a plaintiff must show that "the forum state's long-arm statute extends to the defendant and exercise of such jurisdiction is consistent with due process." *Pearson v. Shriners Hosps. For Child., Inc.*, 133 F.4th 433, 442 (5th Cir. 2025), *cert. denied*, 146 S.Ct. 329 (quoting *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018)). Texas's long-arm statute extends to the limits of due process, so the two inquiries merge. *See Sangha*, 882 F.3d at 101.

Personal jurisdiction over nonresident defendants is consistent with due process only if the defendants have "minimum contacts" with the forum state, and the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *M. W. Prince Hall Grand Lodge*, 2025 WL 1576802, at *2 (quoting *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 215 (5th Cir. 2000)). While a plaintiff may rely on uncontroverted allegations in the complaint, "a court need not credit conclusory allegations, even if uncontroverted." *Block*, 2023 WL 2732552, at *1.

## ARGUMENT

### I. Plaintiff cannot make a *prima facie* case for personal jurisdiction.

There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *See Sangha*, 882 F.3d at 101. General jurisdiction allows a court to hear any claim brought against the defendant. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017). Specific jurisdiction attaches on a claim-by-claim basis. *Id.* Plaintiff cannot establish general or specific jurisdiction as to either Mota-Engil or Mr. Mota Santos.

#### A. Plaintiff cannot establish general jurisdiction.

Muddy Waters cannot establish general jurisdiction over either Defendant. A court may exercise general jurisdiction only if a defendant's "affiliations with the State are so 'continuous

4

and systematic' as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). The paradigmatic examples for a corporation are its place of incorporation and principal place of business. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (citation omitted). For individuals, the paradigmatic forum is their place of domicile. *See id.* at 358–59 (citation omitted). Only in an "exceptional case" will a defendant's contacts with another forum be "so substantial and of such a nature as to render the [defendant] at home in that State" and permit exercise of general jurisdiction. *BNSF Ry. Co.*, 581 U.S. at 413 (quoting *Bauman*, 571 U.S. at 139 n.19).

Muddy Waters does not assert that general jurisdiction exists as to either Mota-Engil or Mr. Mota Santos, nor could it. As Muddy Waters admits, Mota-Engil is incorporated and headquartered in Portugal and Mr. Mota Santos is a resident and citizen of Portugal. *See* Compl. ¶¶ 20–21. Neither Defendant has any presence in Texas—let alone the kind of "continuous and systematic" contacts that would make this an "exceptional" case rendering them "at home" in this forum.

### B. Plaintiff cannot establish specific jurisdiction.

Nor can Muddy Waters establish specific jurisdiction as to any claim. Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (citation omitted). It attaches only if (1) the claim "arises out of or relates to the defendant's contacts with the forum" and (2) the defendant "purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there." *M. W. Prince Hall Grand Lodge*, 2025 WL 1576802, at *3 (citation omitted). Muddy Waters cannot meet either requirement for any claim in this case.

5

### 1. Plaintiff cannot show the claims "arise out of or relate to" Defendants' contacts with Texas.

Muddy Waters fails to plead facts showing that either Defendant has any Texas contacts that relate to its defamation claims. "To arise out of or relate to the defendant's contacts with the forum, there must be 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Rusesabagina v. GainJet Aviation, S.A.*, No. 24-50630, 2025 WL 2674549, at *8 (quoting *Bristol-Myers Squibb Co.*, 582 U.S. at 262). Even if a defendant has "meaningful ties to the forum," they do not confer jurisdiction over a defendant unless the ties "connect to the plaintiff's claim[.]" *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317–18 (5th Cir. 2021).

The Complaint does not identify any Texas-based contacts for either Defendant that are remotely relevant to the allegedly defamatory statements. The most that Muddy Waters can muster is an allegation that, in 2021, Mota-Engil imported goods through the Port of Houston, the busiest port in the U.S. Even if that were true, that alleged contact with Texas has absolutely zero relationship to the claims at issue in this case, which stem from Mr. Mota Santos's statements to a Portuguese publication more than three years later.[3] *See, e.g.*, *Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 320 (5th Cir. 2020) (allegations about a defendant's "general business presence" in the forum, "including registering to do business and being involved in unrelated lawsuits, are inapposite" to specific jurisdiction because "[b]y definition, none of the unrelated lawsuits or business connections . . . are related to this lawsuit, so they are irrelevant to specific jurisdiction").

---

[3] Plaintiff further alleges that the shipment of goods through Houston "related to [] infrastructure projects *in Mexico*." Compl. ¶ 108 (emphasis added).

### 2. Plaintiff cannot show "purposeful direction" because Texas was not the "focal point" of the Expresso article.

To establish "purposeful direction" in a defamation case, a plaintiff must show the forum state was the "*focal point* both of the story and of the harm suffered." *Calder v. Jones*, 465 U.S. 783, 789 (1984) (emphasis added). Plaintiff cannot show that Defendants "purposefully directed" allegedly defamatory statements towards Texas because the "focal point" of the statements was Portugal by any conceivable measure. They were made in Portuguese to a Portuguese newspaper and published in an article focused on subjects relevant to a Portuguese audience, including Portuguese infrastructure projects (high-speed rail, airports, and metro expansions), the capacity of Portuguese construction companies to execute these projects, and domestic policy issues affecting the Portuguese construction industry. Moreover, the allegedly defamatory statements concerned Muddy Waters and its foreign affiliates' investment activity in Portugal, which involved the stock of a Portuguese company and disclosures to Portuguese regulators in accordance with Portuguese and European securities regulations.

The most that Plaintiff can muster in this regard is a bare allegation that the article is available online and thus "accessible" in Texas. This does not establish purposeful direction. Far from it. This alleged internet presence is a ubiquitous feature of most publications and not evidence that Defendants purposefully directed the challenged statements at Texas. *See, e.g. M.W. Prince Hall Grand Lodge*, 2025 WL 1576802, at *5 (affirming dismissal on personal jurisdiction grounds because there was no basis to conclude that defendant "purposely directed [social media] posts to a Louisiana audience, or relied on Louisiana sources."). Otherwise, specific jurisdiction would exist in every forum with an internet connection.

7

### 3. Plaintiff's mere presence in Texas does not confer personal jurisdiction over foreign Defendants.

Given the absence of any connection between Texas and the lawsuit, Muddy Waters instead focuses on its own presence in the state and the harm it purportedly has felt here. That does not work. The Supreme Court has emphatically rejected specific jurisdiction theories based solely on the location of the alleged harm or a plaintiff's presence in the forum. *See Walden*, 571 U.S. at 290. "Under *Calder* and *Walden*, 'mere injury to a forum resident is not a sufficient connection to the forum.'" *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 496–97 (5th Cir. 2022). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290. "However significant the plaintiff's contacts with the forum may be," those contacts are not a basis for jurisdiction. *Id.* at 285 (quotation and citation omitted). Instead, the inquiry must turn on defendants' own forum contacts. *Id.* ("[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.").

For this reason, the Fifth Circuit has consistently affirmed dismissal in defamation cases on personal jurisdiction grounds where a plaintiff does no more than cite its presence in the state to make a case for personal jurisdiction. For example, in *Revell v. Lidov*, a Texas resident asserted a claim for defamation against a non-resident based on statements in an article published on a website managed by Columbia University. 317 F.3d 467, 468–69 (5th Cir. 2002). As here, the plaintiff's presence in the state was the sole connection between the forum and the claims. The article did not reference Texas or any Texas conduct, and the author did not intend it specifically for Texas readers (as distinguished from those in other states). The Fifth Circuit held that the mere

8

fact that the plaintiff was allegedly harmed in Texas, without more, was insufficient to render Texas the focal point of the alleged defamation. *See id.*

Similarly, in *Clemens v. McNamee*, the Fifth Circuit refused to exercise jurisdiction over a nonresident defendant who allegedly made defamatory statements claiming he had injected the plaintiff, a Texas resident, with performance-enhancing drugs in Toronto and New York. 615 F.3d 374, 377 (5th Cir. 2010). Although the defendant had traveled to Texas approximately thirty-five times over the course of his professional relationship with the plaintiff, and every major national news service and Texas newspaper republished the defendant's statements, the court found these contacts insufficient because the statements "concerned non-Texas activities" and "were not made in Texas or directed to residents of Texas." *Id*. at 380. The court held that, although plaintiff may have felt the harm in his home state, that harm was insufficient to make "a *prima facie* showing that [the defendant] made statements in which Texas was the focal point[.]" *Id.*

In sum, Muddy Waters cannot manufacture jurisdiction over foreign defendants simply by claiming to have felt the effects of allegedly defamatory statements in Texas.

### C. *Block* provides the blueprint for dismissal.

The Court should reach the same result here that it did in *Block*. In *Block*, Muddy Waters's founder, Carson Block, alleged that Kevin Barnes, a resident of Pennsylvania, defamed him through statements published in a *Wall Street Journal* article. *See* 2023 WL 4582396, at *1. Block argued that Texas courts could properly exercise personal jurisdiction over Barnes because "Barnes knowingly directed defamatory statements into Texas with an intent to harm a Texas resident and his business located in Texas." *Id.* at *2. Block further alleged that Barnes "sen[t] correspondence into Texas related to this dispute, including offering to travel and meet with Block." *Id.* at *2.

The Court summarily dismissed the claims for lack of jurisdiction because its "own review of the relevant facts indicate[d] that the dispute took place outside of Texas and that the focal point

9

of any alleged defamatory conduct [wa]s not Texas." The Court noted that the "alleged defamatory statements were made to a New York-based reporter for the Wall Street Journal, which is a New York-based publication," and that "none of the statements appear[ed] to have been made in Texas, were about Texas, or were directed at Texas residents." *Id.* at *3. The Court denied Block's request for jurisdictional discovery, finding: "jurisdictional discovery could not yield additional facts in support of personal jurisdiction." *Id.*

Mota-Engil and Mr. Mota Santos's alleged conduct is much further removed from Texas than the defendant's alleged conduct in *Block*. They are domiciled in Portugal, Mr. Mota Santos is a Portuguese citizen who made the alleged statements in Portuguese during an interview in Portugal with a Portuguese newspaper, and the statements concerned the stock of a Portuguese company that trades on a Portuguese exchange and short positions Muddy Waters's foreign investment funds disclosed to a Portuguese regulator. The facts of this case warrant dismissal even more clearly than in *Block*.

## II. Exercising personal jurisdiction would offend traditional standards of fair play and substantial justice.

Even setting aside Plaintiff's complete failure to state a *prima facie* case for personal jurisdiction, the Court should still decline to exercise personal jurisdiction over Defendants because doing so would offend traditional standards of fair play and substantial justice. *See Sangha*, 882 F.3d at 102 ("[o]nce a plaintiff establishes minimum contacts between the defendant and the forum state, the burden of proof shifts to the defendant to show that the assertion of jurisdiction is unfair and unreasonable") (citation omitted). In analyzing fair play and substantial justice, courts consider five factors: "(1) the burden on the nonresident defendant of having to defend itself in the forum; (2) the interests of the forum state in the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in the most

10

efficient resolution of controversies; and (5) the shared interests of the states in furthering fundamental social policies." *Sangha*, 882 F.3d at 101–02. "When foreign defendants are involved," a court must "'consider the procedural and substantive policies of other *nations* whose interests are affected by the assertion of jurisdiction by the [forum state].'" *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 615 (5th Cir. 2008) (quoting *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 115 (1987) (emphasis in the original)). Here, these factors weigh heavily against exercising personal jurisdiction.

**A Texas forum imposes unique and undue burden on foreign Defendants.** The Supreme Court has admonished that "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 114. Defendants are based in Portugal. If they had to litigate in Texas, they would be forced to travel overseas, litigate a dispute in a non-native language, and put on a defense without access to key witnesses and documents that reside in Portugal and the Cayman Islands (or elsewhere), beyond subpoena power. These facts weigh heavily against the exercise of personal jurisdiction. *See, e.g.*, *Johnston*, 523 F.3d at 615 ("A severe burden would be placed on MDS Canada if it is forced to defend itself in Texas. In addition to the regular burdens of defending oneself in a foreign legal system, MDS Canada would not have compulsory access to many of the witnesses and evidence necessary to defend itself.").

**Texas has no interest in this case.** Texas law does not apply to Plaintiff's claims under a standard choice-of-law analysis, and Texas has no interest in regulating extraterritorial statements of a Portuguese resident to a Portuguese publication regarding short positions taken in a Portuguese stock by two funds formed and based in the Cayman Islands. *See Wien Air Alaska, Inc. v.*

11

*Norddeutsche*, No. 95-10144, 1995 WL 449649, at *3 (5th Cir. July 12, 1995) ("appellant has demonstrated no special interest on the part of Texas in granting relief").

**A Texas forum does not provide an "efficient administration of justice."** "The interest of the interstate judicial system in the efficient administration of justice is served by having [the] case heard" where the conduct at issue occurred. *Scivic Eng'g Am., Inc. v. Spark Power Corp.*, No. 5:21-CV-00572-XR, 2021 WL 3849719, at *6 (W.D. Tex. Aug. 26, 2021). In this case, all of the conduct at issue occurred in Portugal, not Texas. Accordingly, a Texas forum would not serve the objective of "efficient administration of justice." *See, e.g.*, *Tercica, Inc. v. Insmed Inc.*, No. C 05-5027 SBA, 2006 WL 1626930, at *15 (N.D. Cal. June 9, 2006) (exercise of jurisdiction unreasonable where it was "presumed that most of the relevant witnesses and evidence are located in Virginia, where [defendant] is located").

**Portugal has a much stronger interest in regulating Portugal-based speech.** Portugal has a much stronger interest in adjudicating matters of Portuguese law and matters involving conduct and activity in Portugal. *See Wien Air Alaska*, 1995 WL 449649, at *3 ("The interest of Germany in adjudicating this dispute is overwhelming.").

Any purported interest Plaintiff has in adjudicating these claims in Texas is far outweighed by these other factors. *Asahi*, 480 U.S. at 116 ("Considering the international context, the heavy burden on the alien defendant, and the slight interests of the plaintiff and the forum State, the exercise of personal jurisdiction by a California court over Asahi in this instance would be unreasonable and unfair"). Plaintiff cannot offer a single reason why its Portuguese-based claims cannot or should not be adjudicated by a Portuguese court. Accordingly, the Court should not exercise personal jurisdiction over Defendants in Texas for the independent reason that doing so would not comport with traditional standards of fair play and substantial justice.

12

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion and dismiss the Complaint for lack of personal jurisdiction.

Dated: March 10, 2026                ALLEN OVERY SHEARMAN STERLING US LLP

By: */s/ Emily Westridge Black*
Emily Westridge Black
Tex. Bar No. 24060815
300 W. 6th Street, Suite 2250
Austin, Texas 78701
(512) 647-1900
emily.westridgeblack@aoshearman.com

William D. Marsh, Jr.
Tex. Bar No. 24092762
The Link at Uptown
2601 Olive Street, 17th Floor
Dallas, Texas 75201
(214) 271-5777
billy.marsh@aoshearman.com

*Counsel for Defendants Carlos António Vasconcelos Mota Dos Santos and Mota-Engil, SGPS, S.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 10, 2026, the foregoing was served on all counsel of record in compliance with the Federal Rules of Civil Procedure.

*/s/   Emily Westridge Black*
Emily Westridge Black