# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| MUDDY WATERS CAPITAL LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CARLOS ANTÓNIO VASCONCELOS MOTA DOS SANTOS and MOTA-ENGIL, SGPS, S.A.,<br><br>    Defendants. | Civil Case No. 1:25-cv-02090 |

**DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS***

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ....................................................................................................................... 2

LEGAL STANDARD ................................................................................................................ 3

ARGUMENT ............................................................................................................................. 3

    I.      Portugal is an available and adequate alternative forum. ....................................... 3

    II.     The balance of private and public interest factors weighs heavily in favor of Portugal. .................................................................................................................. 5

            A.     The private interest factors weigh in favor of Portugal. .............................. 5

            B.     The public interest factors weigh in favor of Portugal. ............................... 7

    III.    Muddy Waters filed in this forum to publicize false and misleading "findings" under the guise of a lawsuit. ..................................................................................... 9

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. Merck & Co. Inc.*,
  353 Fed. App'x 960 (5th Cir. 2009) ...........................................................................................5

*Block v. Barnes*,
  No. 1:22-CV-869-DAE, 2023 WL 4582396 (W.D. Tex. July 18, 2023) ..................................9

*Bohn v. Bartels*,
  620 F. Supp. 2d 418 (S.D.N.Y. 2007)........................................................................................4

*Delta Air Lines, Inc. v. Chimet, S.p.A.*,
  619 F.3d 288 (3d Cir. 2010)......................................................................................................7

*DTEX, LLC v. BBVA Bancomer, S.A.*,
  508 F.3d 785 (5th Cir. 2007) ........................................................................................... passim

*Empresa Lineas Maritimas v. Schichau–Unterweser, A.G.*,
  955 F.2d 368 (5th Cir.1992) .....................................................................................................4

*Gonzalez v. Chrysler Corp.*,
  301 F.3d 377 (5th Cir. 2002) ....................................................................................................5

*Gulf Oil Corp. v. Gilbert*,
  330 U.S. 501 (1947)..................................................................................................................5

*MacDermid Offshore Sols., LLC v. Niche Products, LLC*,
  No. 4:12–CV–2483, 2013 WL 3980870 (S.D. Tex. Aug. 2, 2013)..........................................4

*Moreno v. LG Elecs., USA Inc.*,
  800 F.3d 692 (5th Cir. 2015) ........................................................................................3, 5, 6, 7

*Nix v. Major League Baseball*,
  62 F.4th 920 (5th Cir. 2023) .....................................................................................................8

*OSR Enters. AG v. REE Auto., Ltd.*,
  No. 24-50779, 2025 WL 2888000 (5th Cir. Oct. 10, 2025) ..................................................4, 5

*Paulo v. Agence France-Presse*,
  1:21-cv-11209, 2023 WL 2707201 (S.D.N.Y. Mar. 30, 2023)..................................................4

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981)..................................................................................................................7

*Prevent USA Corp. v. Volkswagen AG*,
    17 F.4th 653 (6th Cir. 2021) ..............................................................................................6

*Rajet Aeroservicios S.A. de C.V. v. Castillo Cervantes*,
    801 Fed. App'x 239 (5th Cir. 2020) ................................................................................3, 7

*Saqui v. Pride Cent. Am., LLC*,
    595 F.3d 206 (5th Cir. 2010) ...........................................................................................5

*Sinochem Int'l v. Malaysia Int'l Shipping*,
    549 U.S. 422 (2007)..........................................................................................................3

*Veba-Chemie A.G. v. M/V Getafix*,
    711 F.2d 1243 (5th Cir. 1983) ..........................................................................................9

*Wit Software v. Talkdesk, Inc.*,
    No. 23-94-WCB, 2023 WL 3454193 (D. Del. May 15, 2023)..............................................4, 8

**Other Authorities**

Restatement (Second) Conflict of Laws § 145 (1971)........................................................................8

Defendants Carlos António Vasconcelos Mota dos Santos ("Mota Santos") and Mota-Engil, SGPS, S.A. ("Mota-Engil," and with Mota Santos, "Defendants"), file this motion to dismiss Plaintiff Muddy Waters Capital LLC's ("Muddy Waters" or "Plaintiff") Complaint for *forum non conveniens*.

## INTRODUCTION

The Court need not reach this Motion because it should dismiss the lawsuit on personal jurisdiction grounds. *See* Dkt. 12. Nevertheless, *forum non conveniens* is a separate, independent, and self-evident basis for dismissal.

The Court should dismiss this case on *forum non conveniens* grounds because Texas-based adjudication of this matter makes little sense. The claims deal with statements made by Mr. Mota Santos, the Portuguese CEO of Mota-Engil (a Portuguese company), regarding short positions Muddy Waters-managed funds (based in the Cayman Islands) took in Mota-Engil stock, which trades on a Portuguese stock exchange. Muddy Waters claims the statements were defamatory because they purportedly implied Muddy Waters violated arcane provisions of Portuguese and European securities laws. Key parties, documents, and witnesses reside in Portugal or other foreign jurisdictions beyond the Court's subpoena power—including the Cayman Islands entities that Muddy Waters directed to take the short positions. And Portuguese law applies to Muddy Waters's claims under standard choice-of-law principles. Texas has no interest in the case because nothing happened here, and a Texas forum presents an extraordinary burden for Defendants and inconvenience for all, including the Court.

Plaintiff's choice of forum should be afforded no deference. Muddy Waters is a short-seller holding a short position in Mota-Engil stock that is likely out of the money, which may result in losses unless that position has been covered or hedged. Muddy Waters is using this lawsuit to voice false and misleading "findings" about Mota-Engil in hopes that this drives down the stock

1

price and thus improves Muddy Waters's investment position. This Court is not the appropriate forum for that. If this case is to be litigated anywhere, it belongs in Portugal.

## BACKGROUND

Defendants' motion to dismiss for lack of personal jurisdiction lays out the relevant background. *See* Dkt. 12 at 2–4. Below, Defendants highlight the facts pertinent to the *forum non conveniens* analysis:

- Mota-Engil is a Portuguese holding company based in Porto. Compl. ¶ 20.

- Mr. Mota Santos, a Portuguese citizen and resident, serves as Mota-Engil's CEO. *Id.* ¶ 21.

- This case concerns statements Mr. Mota Santos made in Portuguese to a Portuguese reporter for *Expresso* (a Portuguese newspaper) in 2024. *See id.* ¶ 85; *see also* Compl. Ex. A.

- The statements addressed short-selling activity of Muddy Waters in Mota-Engil stock, which is traded on the Lisbon Euronext Stock Exchange.[1] *See* Compl. ¶¶ 20, 44–45. Muddy Waters engaged in the short-selling activity through two Muddy Waters-managed funds (both based in the Cayman Islands) and disclosed the short positions of those funds to a Portuguese regulator. *See id.* ¶¶ 47, 49.

- Muddy Waters claims Mr. Mota Santos's statements were defamatory because the statements implied Muddy Waters violated Portuguese and European Union securities laws. *See id.* ¶¶ 112–135.

- This Complaint identifies no Texas-based conduct related to the claims.

- Mota-Engil's stock price climbed significantly between the date Muddy Waters disclosed its short position and the filing of the Complaint, so Muddy Waters's short

---

[1] *E.g.*, Muddy Waters Capital Domino Master Fund, Form D, available at: https://www.sec.gov/Archives/edgar/data/1842471/000140508626000005/xslFormDX01/primary_doc.xml; Muddy Waters Global Opportunities Fund, Form D, available at https://www.sec.gov/Archives/edgar/data/1740219/000140508625000204/xslFormDX01/primary_doc.xml.

position is likely out-of-the-money and may result in significant losses unless it was previously covered or hedged.[2]  *See id.* ¶¶ 44–45.

## LEGAL STANDARD

Under the doctrine of *forum non conveniens*, a court "may dismiss an action on the ground that a court abroad is the more appropriate and convenient forum for adjudicating the controversy." *Sinochem Int'l v. Malaysia Int'l Shipping*, 549 U.S. 422, 425 (2007).  A motion to dismiss for *forum non conveniens* is properly granted if (1) there is an available and adequate alternative forum that can address the subject matter of the claims and (2) various private and public factors weigh in favor of adjudication in the alternative forum.  *See Rajet Aeroservicios S.A. de C.V. v. Castillo Cervantes*, 801 Fed. App'x 239, 242–43 (5th Cir. 2020) (citations omitted).  "In particular, dismissal may be warranted where a plaintiff chooses a particular forum, not because it is convenient, but solely in order to harass the defendant." *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 699 (5th Cir. 2015) (citation and internal quotations omitted).

## ARGUMENT

The Court should dismiss the case for *forum non conveniens* because Portugal provides an available and adequate alternative forum, the relevant public and private factors warrant dismissal, and Muddy Waters, a disgruntled short-seller, filed this lawsuit in this forum with an improper motive.

### I. Portugal is an available and adequate alternative forum.

There can be no real dispute that Portugal is an available forum given both Defendants are found within the jurisdiction.  *See DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 796 (5th

---

[2]  *E.g.*, Mota-Engil SGPS SA Stock Ticker, available at: https://www.bloomberg.com/profile/company/M09:GR.

Cir. 2007) ("A foreign forum is available when the entire case and all the parties can come within that forum's jurisdiction."). That leaves adequacy.

"A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy all the benefits of an American court." *Id*. "[A]dequacy does not require that the alternative forum provide the same relief as an American court." *OSR Enters. AG v. REE Auto., Ltd.*, No. 24-50779, 2025 WL 2888000, at *2 (5th Cir. Oct. 10, 2025) (citation omitted). And "the substantive law of the foreign forum," here, Portugal, "is presumed to be adequate unless the plaintiff makes some showing to the contrary, or unless conditions in the foreign forum made known to the court, plainly demonstrate that the plaintiff is highly unlikely to obtain basic justice there." *DTEX*, 508 F.3d at 796. "Absent unfairness, differences in the law of the alternate forum are not a substantial factor to consider." *Empresa Lineas Maritimas v. Schichau–Unterweser, A.G.,* 955 F.2d 368, 372 (5th Cir.1992).

Muddy Waters cannot make any "showing to the contrary" that would controvert the presumed adequacy of Portugal as a forum. Courts consistently reject arguments that Portugal and other, similarly situated European nations do not provide an adequate forum. *See, e.g.*, *Wit Software v. Talkdesk, Inc.*, No. 23-94-WCB, 2023 WL 3454193, at *5 (D. Del. May 15, 2023) (rejecting arguments that Portugal did not provide an adequate forum based on differences in procedure); *Paulo v. Agence France-Presse*, 1:21-cv-11209, 2023 WL 2707201, at *10 (S.D.N.Y. Mar. 30, 2023) (rejecting arguments that Portugal did not provide an adequate forum based on differences in substantive law); *Bohn v. Bartels*, 620 F. Supp. 2d 418, 430 (S.D.N.Y. 2007) (no dispute that Portugal served as an adequate alternative forum).

Moreover, Muddy Waters cannot show that it would somehow be "deprived of all remedies" if forced to pursue claims in Portugal. *MacDermid Offshore Sols., LLC v. Niche*

4

*Products, LLC*, No. 4:12–CV–2483, 2013 WL 3980870, at *8 (S.D. Tex. Aug. 2, 2013) (plaintiff failed to show that it would be "deprived of all remedies" if forced to proceed with defamation claims in the U.K.); *see also Adams v. Merck & Co. Inc.*, 353 Fed. App'x 960, 963 (5th Cir. 2009) ("[T]o the extent that Appellants failed to provide any briefing or argument as to the adequacy of Welsh and Irish law, the district court was entitled to presume the adequacy of the fora.").

Even if Muddy Waters were to show substantial differences in remedies offered here versus Portugal (it cannot), that would not be enough. *See OSR Enters. AG*, 2025 WL 2888000, at *2 ("Because its evidence does not indicate that OSR will be left with 'no remedy at all,' OSR has not overcome the presumption that Israel is an adequate forum."); *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 382 (5th Cir. 2002) (severe damages cap for wrongful death claims did not render Mexico an inadequate forum); *Moreno*, 800 F.3d at 699 ("while Moreno complains on appeal that Mexican tort law limits the amount of damages that she can recover, we have previously held that this aspect of Mexican law does not render inadequate the alternative forum that its courts provide.").

Thus, Portugal is an available and adequate alternative forum.

## II.   The balance of private and public interest factors weighs heavily in favor of Portugal.

The private and public interest factors weigh heavily in favor of Portugal.

### A.   The private interest factors weigh in favor of Portugal.

The private interest factors include: (1) "the ease of access to evidence;" (2) "the availability of compulsory process for the attendance of unwilling witnesses;" (3) "the cost of obtaining attendance of willing witnesses;" (4) "the possibility of a view of the premises, if appropriate;" and (5) "any other practical factors that make trial expeditious and inexpensive." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 213 (5th Cir. 2010) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

These factors favor Portugal because Portugal is the focal point of this case. All the relevant conduct occurred in Portugal, so naturally, the relevant parties, documents, and witnesses reside in Portugal, or at a minimum, outside the United States and beyond the Court's subpoena power. That includes the following parties and witnesses and the documents within their possession, custody, or control:

- Mr. Mota Santos.

- Mota-Engil and Mota-Engil employees and staff.

- The reporter that conducted the interview of Mr. Mota Santos.

- *Expresso* (the Portuguese newspaper that published the purportedly defamatory statements).

- The Comissão do Mercado de Valores Mobiliários (the Portuguese securities regulator).

- The Lisbon Euronext Stock Exchange (the stock exchange on which Mota-Engil stock trades).

- Muddy Waters Capital Domino Master LP, a Cayman Islands entity (one of the two Muddy Waters-managed funds that took a short position in Mota-Engil).

- Muddy Waters Capital Global Opportunities Fund, Ltd., a Cayman Islands entity (the other Muddy Waters-managed fund that took a short position in Mota-Engil).

A Texas forum imposes a massive burden on Defendants and any willing witnesses that must travel overseas to attend in-person proceedings or testify. And Defendants will have no means to compel unwilling witnesses listed above to appear or produce documents through normal process, if at all. Under these circumstances, Courts regularly find that the first, second, and third private interest factors favor dismissal. *Moreno*, 800 F.3d at 700 ("[T]he machine that allegedly caused her injury is owned, operated, and maintained by a Mexican company. Under these circumstances, all of the physical evidence and the majority (if not totality) of material witnesses will be located in Mexico."); *DTEX*, 508 F.3d at 800 ("Dtex's own allegations make it clear that a number of nonparty Mexican citizens are likely to be important witnesses in this case."); *Prevent*

6

*USA Corp. v. Volkswagen AG*, 17 F.4th 653, 660 (6th Cir. 2021) ("The German courts will be able to access these documents and witnesses far more conveniently than American courts could.").

Additionally, because this case concerns Portuguese statements made by a Portuguese resident in a Portuguese newspaper, the key documents and witness testimony will be in Portuguese. This practical complication favors a Portuguese forum because, among other things, "conducting a trial in the United States would likely require the added expense of translating reports and witness testimony." *Moreno*, 800 F.3d at 700. That, in addition to the fundamental unfairness of forcing Defendants to defend themselves in their non-native language when none of allegedly defamatory statements were made in English. Accordingly, the fifth private interest factor also weighs in favor of dismissal.[3]

### B. The public interest factors weigh in favor of Portugal.

The public interest factors include: (1) "administrative difficulties flowing from court congestion;" (2) "the local interest in having localized controversies decided at home;" (3) "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action;" (4) "the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law;" and (5) "the unfairness of burdening citizens in an unrelated forum with jury duty." *Rajet Aeroservicios*, 801 Fed. App'x. at 243 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 & n.6 (1981)).

These factors weigh in favor of Portugal largely for the same fundamental reason as did the private interest factors: Portugal is the focal point of this case. *See, e.g.*, *Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288, 300 (3d Cir. 2010) (dismissal appropriate because "the locus of

---

[3] Defendants are unaware of any need to inspect property in Texas or in Portugal, so the fourth private interest factor is not relevant to the analysis.

the alleged culpable conduct was Italy, not Pennsylvania," and the court "therefore reasonably concluded that the public interest factors also supported dismissal of the action.").

For example, the second and fifth public interest factors favor Portugal because the allegedly defamatory statements were made there, published there, and concern Muddy Waters's short-selling activity there. This is not a "localized controversy" in Texas, and the state of Texas has no interest in adjudicating it. *See DTEX*, 508 F.3d at 802 ("Mexican courts have a greater interest than an American court" because "[t]he alleged torts all occurred in Mexico."). It would be unfair to inconvenience the Court and its staff with administration of this case, and burden Texas citizens with jury duty, when Texas has no interest. *Id.* at 803 ("Jury duty should not be imposed on the citizens of Texas in a case that is so slightly connected with this state.").

Further, "[c]hoice-of-law principles require the court to apply the 'most significant relationship test' to a plaintiff's tort claims." *Wit Software*, 2023 WL 3454193, at *9. "Portuguese law would apply to [Plaintiff's defamation claims], since the relevant conduct alleged in those claims occurred in Portugal." *Id.* (citing Restatement (Second) Conflict of Laws § 145 (1971)); *see also Nix v. Major League Baseball*, 62 F.4th 920, 932 (5th Cir. 2023) (affirming district court's application of New York law to defamation claims filed in Texas based on "most significant relationship" test). Because "Portuguese law is likely to govern as to those claims, … the possibility that questions of Portuguese law may arise involving those claims weighs in favor of transfer." *Wit Software*, 2023 WL 3454193, at *9. Also, Plaintiff's theory is that the statements at issue are defamatory because they imply Muddy Waters's violated Portuguese and European securities laws. *See* Compl. ¶¶ 31–38. To prevail under that theory, Muddy Waters would have to prove that the statements were false, and its short-selling activity did not violate Portuguese or

European securities laws. In sum, because Texas law is not at issue, the third and fourth factors public interest factors also weigh in favor of dismissal.

### III. Muddy Waters filed in this forum to publicize false and misleading "findings" under the guise of a lawsuit.

While a plaintiff's choice of forum is sometimes afforded some deference, "forum non conveniens is sensitive to plaintiff's motive for choosing his forum, at least in the extreme case where his selection is designed to 'vex,' 'harass,' or 'oppress' the defendant." *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1248 n.10 (5th Cir. 1983).

Muddy Waters did not file the lawsuit in this forum with an appropriate motive, and its choice of forum should receive no deference. Indeed, this lawsuit has nothing to do with Texas, and Muddy Waters knew it had no business filing it here. *See* Dkt. 12; *see also Block v. Barnes*, No. 1:22-CV-869-DAE, 2023 WL 4582396, at *1–3 (W.D. Tex. July 18, 2023) (dismissing a similar defamation lawsuit filed by Muddy Waters's principal, Carson Block, for lack of personal jurisdiction). And as demonstrated by Defendants' motion to dismiss for failure to state a claim, Muddy Waters's claims have no legitimate basis and do not involve any real or actual damages. *See* Dkt. 15.

The reality is that Muddy Waters is a short-seller that is unhappy with the increase in the price of Mota-Engil stock. In the time between Muddy Waters disclosed a short position and filing of the Complaint, Mota-Engil's stock price rose significantly, meaning Muddy Waters's short position is likely out-of-the-money and may result in losses, absent some previous attempt to cover or hedge its position. Muddy Waters is using this lawsuit as a vehicle to publicize false and misleading "findings" about Mota-Engil that are not relevant to Plaintiff's claims as a strategy to drive down the stock price. The Court should not entertain these tactics and should dismiss on *forum non conveniens* grounds.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion and dismiss the Complaint under the doctrine of *forum non conveniens*.

Dated: March 10, 2026      **ALLEN OVERY SHEARMAN STERLING US LLP**

By: */s/ Emily Westridge Black*
Emily Westridge Black
Tex. Bar No. 24060815
300 W. 6th Street, Suite 2250
Austin, Texas 78701
(512) 647-1900
emily.westridgeblack@aoshearman.com

William D. Marsh, Jr.
Tex. Bar No. 24092762
The Link at Uptown
2601 Olive Street, 17th Floor
Dallas, Texas 75201
(214) 271-5777
billy.marsh@aoshearman.com

*Counsel for Defendants Carlos António Vasconcelos Mota Dos Santos and Mota-Engil, SGPS, S.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 10, 2026, the foregoing was served on all counsel of record in compliance with the Federal Rules of Civil Procedure.

         */s/ Emily Westridge Black*
         Emily Westridge Black