# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MUDDY WATERS CAPITAL LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  1:25-cv-02090-RP** |
| | § | |
| **CARLOS ANTONIO** | § | |
| **VASCONCELOS MOTA DOS** | § | |
| **SANTOS, MOTA-ENGIL, SGPS,** | § | |
| **S.A.,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendants Carlos Antonio Vasconcelos Mota dos Santos

and Mota-Engil, SGPS, S.A.'s ("Defendants") motions to dismiss, Dkts. 12; 13; 14, and

all related briefing. After reviewing these filings and the relevant law, the

undersigned will recommend that the District Judge grant the motion to dismiss for

lack of personal jurisdiction, Dkt. 12, and dismiss the case.

## I.    BACKGROUND

This is a defamation case. Plaintiff Muddy Waters Capital LLC ("Muddy

Waters") is an Austin, Texas-based investment firm and short seller. Dkt. 1, at 5.

After conducting research into Defendant Mota-Engil, SGPS, S.A. ("Mota-Engil"),

Muddy Waters took short positions in Mota-Engil—a security listed on a Portuguese

exchange—through two of its Cayman Islands-based managed funds and disclosed

1

those positions to Portuguese regulators. Dkts. 1, at 2, 7-8; 1-1, at 26-28; 17, at 29. Mota-Engil's share price dropped. *Id.* at 12. Muddy Waters contends that in response, Mota-Engil's CEO Defendant Carlos Antonio Vasconcelos Mota dos Santos "took to the press," giving a lengthy interview to a Portuguese newspaper, *Expresso*, about Muddy Waters' alleged illegal "market manipulation." *Id.* at 14. Muddy Waters sued for defamation and defamation by implication. *Id.* at 17-20.

Defendants moved to dismissed based on lack of personal jurisdiction, Dkt. 12, *forum non conveniens*, Dkt. 13, and failure to state a claim, Dkt. 14. With respect to personal jurisdiction, Defendants argue that this suit has no relationship to the State of Texas. Dkt. 12, at 5. The undersigned agrees and will recommend that the District Judge dismiss the case based on lack of personal jurisdiction.

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure allow a defendant to assert lack of personal jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(2). On such a motion, "the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court may determine the jurisdictional issue "by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* But when, as here, the Court rules on the motion without an evidentiary hearing, the plaintiff need only present a *prima facie* case that personal jurisdiction is proper; proof by a preponderance of the evidence is not required. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id*. Nevertheless, a court need not credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).

### III.    DISCUSSION

Defendants move to dismiss on the basis that the Court lacks personal jurisdiction over them. The United States Supreme Court has recognized two kinds of personal jurisdiction: general jurisdiction and specific jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017). General jurisdiction exists over a nonresident defendant when its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). "That is a high bar." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 323 (5th Cir. 2021). Muddy Waters does not assert that general jurisdiction exists as to either Mota-Engil or Mota dos Santos. *See* Dkt. 17, at 15. Accordingly, the undersigned does not address general jurisdiction.

The specific-jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quotation omitted). For this reason, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919 (quotation omitted). Specific jurisdiction is

3

proper when a plaintiff alleges a cause of action which grows from or relates to a contact between the defendant and the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The Fifth Circuit uses a three-step analysis for specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Ward v. Rhode*, 544 F. App'x 349, 352 (5th Cir. 2013) (quotation omitted); *see also Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010).

Defendants argue they are not subject to specific personal jurisdiction in Texas because the alleged defamatory remarks have no connection to Texas. They assert that

> [t]his case concerns a lengthy article published by … a Portuguese newspaper, regarding an interview one of its reporters conducted with [Mota dos Santos]. The interview, conducted in Portuguese by a Portuguese reporter, covered a host of topics relevant to a Portuguese audience …. There was no mention of Texas.

Dkt. 12, at 6. They emphasize that Muddy Waters' sole allegation as to minimum contacts is that Mota-Engil imported goods through the Port of Houston in 2021, but that that contact has no relationship to the claims here. *Id.* at 10. Muddy Waters counters that its defamation claim arises from or relates to Defendants' Texas contacts because Defendants' comments were directed at and intended to harm Muddy Waters in Texas. Dkt. 17, at 14, 20-21.

4

To determine whether there is personal jurisdiction in defamation cases, courts consider the "focal point" of the alleged defamatory statement. *See Calder v. Jones*, 465 U.S. 783, 789 (1984). In *Calder*, the plaintiff sued a Florida newspaper for libel in California. *Id.* at 784-85. The court found that California was the story's "focal point" because the defendant newspaper's story was drawn from California sources, the story centered on the "California activities of a California resident," and the brunt of the harm was felt in California. *Id.* at 785-89. Jurisdiction was therefore proper in California even though the actual conduct of writing and researching the article took place in Florida. *Id.* at 789.

The Fifth Circuit has also emphasized the importance of a statement's "focal point." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 465 (5th Cir. 2013) (citing *Clemens*, 615 F.3d at 379). In *Clemens*, the Circuit found no personal jurisdiction where a baseball player's former trainer's statements "did not concern activity in Texas [and were not] made in Texas or directed to Texas residents any more than residents of any state." *Id.* at 378. Further, even if most of the claimed harm is felt in the forum state, the Fifth Circuit has declined to find personal jurisdiction when the statements focus on activities and events outside the forum state. *See, e.g.*, *Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002) ("[T]he plaintiff's residence in the forum, and suffering of harm there, will not alone support jurisdiction under *Calder*."). Thus, "under *Calder* and *Walden*, mere injury to a forum resident is not a sufficient connection to the forum …. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a

meaningful way." *Danziger & De Llano, LLP v. Morgan Verkamp, LLC*, 24 F.4th 491, 496-97 (5th Cir. 2022) (internal quotation marks omitted).

The undersigned finds that the "focal point" of this case is not in Texas. None of Defendants' statements were made in Texas, about Texas, or specifically directed at Texas residents. *See* Dkt. 1-1, at 26-28. The facts underlying the dispute also took place outside of Texas. The interview was conducted in Portuguese by a Portuguese reporter and covered topics relevant to a Portuguese audience, including Portuguese construction and infrastructure. *See id.* at 3. The focal point of the alleged defamatory conduct is Portugal, not Texas.

Nevertheless, Muddy Waters argues that Texas is the focal point of the alleged defamation because the statements impugned the professionalism of a Texas firm, concerned the Texas activities of a Texas resident, were drawn in part from Texas "or, at a minimum, American sources," and the brunt of the harm was felt in Texas. Dkt. 17, at 16-18 (citing *Calder*, 465 U.S. at 788-89). These arguments are not persuasive.

The relevant question under *Calder* is not where Muddy Waters performed its work, but whether Defendants' statements concerned Texas activities. For personal jurisdiction to be proper, Texas must be "the focal point both of the story and of the harm suffered," such that jurisdiction is "proper ... based on the 'effects' of [Defendants'] conduct" in Texas. *Calder*, 465 U.S. at 788-89. Here, it is not. The statements concerned Muddy Waters' short positions in a Portuguese-listed security, disclosed to Portuguese regulators, and executed on a Portuguese exchange through

6

funds located in the Cayman Islands—not anything Muddy Waters did in Texas. Dkts. 1-1, at 26-28; 17, at 29. In *Clemens*, the plaintiff's former trainer told federal investigators, a Major League Baseball commission, and a sports reporter that he had injected the plaintiff with performance-enhancing drugs while the two were in New York and Toronto. 615 F.3d at 377. Even though the plaintiff was a longtime Texas resident who sued for defamation there, the Fifth Circuit held that the out-of-state location of the alleged conduct—not the plaintiff's residence—controlled the jurisdictional analysis. *Id.* at 380. Muddy Waters' being headquartered in Austin while shorting a Portuguese stock no more makes this a "Texas activity" than Clemens's Texas residence made New York steroid injections a Texas matter. *Id.* (statements concerned "non-Texas activities" and "were not made in Texas or directed to residents of Texas"); *see also Revell*, 317 F.3d at 473 (article contained "no reference to Texas, nor does it refer to the Texas activities of [plaintiff]").

Further, Muddy Waters argues that Mota dos Santos's statements were "drawn from [Texas] sources" because he referenced the SEC's investigation of Muddy Waters, which is registered with the SEC as a Texas entity. Dkt. 17, at 17-18 (citing *Calder*, 465 U.S. at 788). This argument stretches *Calder* too far. In *Calder*, the story was "drawn from California sources" because the reporter made repeated telephone calls to California to obtain the content of the article. *Calder*, 465 U.S. at 785-86. Mota dos Santos made no such effort to reach into Texas here. His passing reference to an SEC investigation was a single aside in a wide-ranging interview overwhelmingly focused on events in Portugal. *See* Dkt. 1-1, at 3, 27. Further, Mota

7

dos Santos's SEC reference did not draw its substance from Texas; it merely referenced a federal regulatory proceeding that involved a Texas-registered entity. *See id.*

In *Block v. Barnes*, this Court concluded it lacked personal jurisdiction over a case presenting circumstances analogous to this one. No. 1:22-CV-869-LY, 2023 WL 2732552, at *6 (W.D. Tex. Mar. 30, 2023), *R. & R. adopted*, No. 1:22-CV-869-DAE, 2023 WL 4582396 (W.D. Tex. July 18, 2023). There, the Court found it lacked personal jurisdiction over a defamation claim where the allegedly defamatory statements were made to a New York-based reporter for the *Wall Street Journal*, concerned a business relationship and lawsuit entirely centered in New York, and bore no relationship to Texas beyond the plaintiff's residence there. *Id.* at *3-4. Muddy Waters attempts to distinguish *Block* on the grounds that the plaintiff had recently relocated to Texas, while Muddy Waters has always been Texas-based. Dkt. 17, at 19-20. But *Block* turned not on how long the plaintiff had lived in Texas, but on whether the defamatory statements concerned Texas activities—and they did not. *Block*, 2023 WL 2732552, at *4. The same is true here. Because Mota dos Santos's statements did not concern Texas activities, personal jurisdiction is improper.

Further, the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff and the forum State," *Walden*, 571 U.S. at 284. The plaintiff "cannot be the only link between the defendant and the forum." *Id.* at 285. For intentional tortious conduct to be expressly aimed at the forum, the defendant must "commit

some additional specific act or acts directed at the forum" beyond merely knowing harm will be felt there. *Am. Techs., Inc. v. Coppertree Vill. Holdings, LLC*, No. CV H-19-1037, 2021 WL 3609328, at *3 (S.D. Tex. July 19, 2021), *R. & R. adopted sub nom. Am. Techs., Inc. v. Coppertree Apartments LLC*, No. 4:19-CV-1037, 2021 WL 3604064 (S.D. Tex. Aug. 13, 2021) (citing *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212 (5th Cir. 1999)); *see also Wien Air*, 195 F.3d at 212 (holding that "foreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum"). Defendants committed no such additional act here: the interview was conducted in Portugal, in Portuguese, for a Portuguese audience, with no mention of Texas. Dkt. 1-1. If statements to the *Wall Street Journal* were insufficient to anchor jurisdiction in Texas in *Block*, statements made in Portuguese to a regional newspaper cannot do so here.

Even if the brunt of Muddy Waters's reputational harm was felt in Texas, the Fifth Circuit has consistently held that suffering harm in the forum state, without more, is insufficient to establish jurisdiction. *Danziger*, 24 F.4th at 496-97 ("[U]nder *Calder* and *Walden*, 'mere injury to a forum resident is not a sufficient connection to the forum …. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.'"); *Clemens*, 615 F.3d at 380 (holding harm suffered in Texas and defendant's knowledge thereof insufficient to make prima facie showing that Texas was the focal point of allegedly defamatory statements). Moreover, the premise that Muddy Waters suffered harm in Texas is itself questionable. To the extent Muddy

9

Waters suffered reputational harm, it does not explain how any of that reputational harm occurred in Texas, where it is doubtful many residents consume Portuguese-language publications like *Expresso*. *See Herman*, 730 F.3d at 466 (finding no jurisdiction even where harm was felt in the forum state because the defendant's statements were not directed at forum residents and publication did not have a "disproportionately high" forum readership); *cf. Clemens*, 615 F.3d at 376 (concluding there was no personal jurisdiction even where "[e]very national news service, as well as every major newspaper in Texas, republished" the statements at issue). Personal jurisdiction is therefore improper.

Finally, the undersigned finds that Mota-Engil's importation of goods through the Port of Houston for unrelated projects does not connect Defendants to Texas "in a meaningful way" with respect to this defamation claim. *Danziger*, 24 F.4th at 496-97. Because Muddy Waters has failed to demonstrate the requisite nexus between Defendants' Texas contacts and the claims asserted, the undersigned finds that specific jurisdiction is absent, and Defendants' motion to dismiss under Rule 12(b)(2) should be granted.

## IV.   RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Defendants' motion to dismiss, Dkt. 12, and **DISMISS** the case with prejudice for lack of personal jurisdiction.

The undersigned **FURTHER RECOMMENDS** that the District Judge **DENY** Defendants' remaining motions to dismiss, Dkts. 13; 14, as **MOOT**.

The referral of this case to the undersigned should now be canceled.

## V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED June 25, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE