**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| MUDDY WATERS CAPITAL LLC,<br><br>      Plaintiff,<br><br>v.<br><br>CARLOS ANTÓNIO VASCONCELOS MOTA<br>DOS SANTOS and MOTA-ENGIL, SGPS, S.A.,<br><br>      Defendants. | Civil Case No. 1:25-cv-02090 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO
THE REPORT AND RECOMMENDATION**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................2

LEGAL STANDARD............................................................................................................4

ARGUMENT.........................................................................................................................5

    I.       Judge Howell correctly found that Muddy Waters did not make a *prima facie* case for specific jurisdiction. .......................................................................................5

           A.      Muddy Waters's own Texas connections cannot establish specific jurisdiction. ...............................................................................................5

           B.      Judge Howell correctly found that Texas is not the "focal point" of this case.........................................................................................................7

           C.      Muddy Waters wrongly argues that Judge Howell erred in his application of the "focal point" test. ..............................................................................9

    II.      Judge Howell correctly recommended that the Court dismiss the case for lack of personal jurisdiction with prejudice so that Muddy Waters cannot refile in Texas. ....................................................................................................................12

CONCLUSION....................................................................................................................13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alpine View Co. v. Atlas Copco A.B.*,
205 F.3d 208 (5th Cir. 2000) ....................................................................................4

*Bank of La. v. Fed. Deposit Ins. Corp.*,
33 F.4th 836 (5th Cir. 2022) ...................................................................................13

*Bhejana v. Ward*,
1:25-CV-2009-RP, 2026 WL 1603559 (W.D. Tex. June 1, 2026) (Pitman, J.) ........................6

*Block v. Barnes*,
No. 1:22-CV-869-LY, 2023 WL 2732552 (W.D. Tex. Mar. 30, 2023), *report
and recommendation adopted*, No. 1:22-CV-869-DAE, 2023 WL 4582396
(W.D. Tex. July 18, 2023) ...............................................................................2, 5, 7, 8

*Brown v. Flowers Indus., Inc.*,
688 F.2d 328 (5th Cir. 1982) ...................................................................................11

*Calder v. Jones*,
465 U.S. 783 (1984)...........................................................................................5, 7, 11

*Clemens v. McNamee*,
615 F.3d 374 (5th Cir. 2010) .....................................................................................8

*Cryopak Inc. v. Freshly LLC*,
No. CV 23-18896, 2026 WL 1209868 (D.N.J. May 4, 2026) ..................................12

*Danziger & De Llano, LLP v. Morgan Verkamp LLC*,
948 F.3d 124 (3d Cir. 2020)....................................................................................12

*Guidry v. U.S. Tobacco Co.*,
188 F.3d 619 (5th Cir. 1999) ...................................................................................11

*Herman v. Cataphora Inc.*,
730 F.3d 460 (5th Cir. 2013) ..........................................................................8, 9, 10

*Hurt v. Hunt Cnty., Tex.*,
No. 3:25-CV-3154-D, 2026 WL 1067474 (N.D. Tex. Apr. 15, 2026) ....................11

*Keeton v. Hustler Mag., Inc.*,
465 U.S. 770 (1984)..................................................................................................11

*Lewis v. Fresne*,
252 F.3d 352 (5th Cir. 2001) ...................................................................................11

*M. W. Prince Hall Grand Lodge, Free & Accepted Masons of La., Inc. v. Anderson*,
No. 24-30517, 2025 WL 1576802 (5th Cir. June 4, 2025)..............................................4, 8, 10

*Meng v. Nye*,
No. 3:17-CV-00077-M, 2017 WL 3421140 (N.D. Tex. Aug. 8, 2017) (Lynn, J.)....................................................................................................................................12

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
253 F.3d 865 (5th Cir. 2001) ...........................................................................................5

*Revell v. Lidov*,
317 F.3d 467 (5th Cir. 2002) ........................................................................................8, 10

*Sangha v. Navig8 ShipManagement Priv. Ltd.*,
882 F.3d 96 (5th Cir. 2018) ..............................................................................................5

*Trois v. Apple Tree Auction Ctr., Inc.*,
882 F.3d 485 (5th Cir. 2018) ...........................................................................................12

*Walden v. Fiore*,
571 U.S. 277 (2014).................................................................................................5, 6, 7

*Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*,
517 F.3d 235 (5th Cir. 2008) ...........................................................................................4, 13

*Wien Air Alaska, Inc. v. Brandt*,
195 F.3d 208 (5th Cir. 1999) ...........................................................................................11

**Statutes**

28 U.S.C. § 636.................................................................................................................4

**Other Authorities**

General Principles, 18A Fed. Prac. & Proc. Juris. § 4435 (3d ed.) .............................................12

Fed. R. Civ. P. 15.............................................................................................................13

Fed. R. Civ. P. 72.............................................................................................................4

Defendants Carlos António Vasconcelos Mota dos Santos ("Mota Santos") and Mota-Engil, SGPS, S.A. ("Mota-Engil," and with Mota Santos, "Defendants") submit this Response to Plaintiff Muddy Waters Capital LLC's ("Muddy Waters" or "Plaintiff") Objections to the Report and Recommendation ("R&R").[1]

## INTRODUCTION

Judge Howell was right for a simple reason: this case has nothing to do with Texas. Muddy Waters sued two Portuguese defendants based on statements made in Portugal, in Portuguese, to a Portuguese reporter, later published in a Portuguese newspaper for a Portuguese audience, about short positions in a Portuguese company's stock (listed on a Portuguese stock exchange) executed by two Cayman Islands funds controlled by Muddy Waters. R&R at 6–7. Judge Howell correctly recognized that Muddy Waters's presence in the state does not give it license to hale foreign defendants into a Texas court to defend themselves for expressing their opinion to a local media outlet regarding Muddy Waters's controversial investment activity in their home country. *Id.* Indeed, Judge Howell found this proposition so obvious, and so clearly correct under U.S. Supreme Court and Fifth Circuit precedent, that he saw no need to even address Defendants' motions to dismiss for *forum non conveniens* and failure to state a claim. *Id.* at 10. The Objections engage in misdirection and tortured analysis to distract from just how simple the personal jurisdiction question really is.

Dismissal should come as no surprise to Muddy Waters. Only two years ago, Muddy Waters's principal, Carson Block, sued a business associate in this Court for defamation in

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning ascribed to them in Defendants' Motion to Dismiss for Lack of Jurisdiction. Dkt. 12.

connection with statements published in the *Wall Street Journal*.[2]  This Court dismissed the claims on jurisdictional grounds because the case had no Texas nexus apart from Block's presence in the state.  While *Block* had no business being filed in Texas, it arguably had a closer connection to Texas than this case—the statements at issue were at least made in English to a publication that is well-known and widely distributed in the state.  Here, Mr. Mota Santos's statements were published in a language that few Texans speak, in a newspaper few Texans know exists, and there are no allegations even implying any impact in this forum.

The Court should overrule the Objections, adopt Judge Howell's R&R in full, and dismiss the case with prejudice to refiling in Texas.  Under no circumstance should Muddy Waters be permitted to file an amended complaint and continue to use this Court as a tool of harassment against Mota-Engil, a company in which Muddy Waters maintains an active short interest.

## BACKGROUND

Mota-Engil is a Portuguese holding company with a principal place of business in Porto and controlling interests in subsidiaries that operate mainly in civil construction and public works sectors in Europe, Africa, and Latin America.  Compl. ¶ 20.  Mr. Mota Santos, a Portuguese citizen and resident, serves as Mota-Engil's CEO.  *Id.* ¶ 21.

Muddy Waters is a short seller.  It takes short positions in a target company's stock, betting the price will fall, and then publicizes research and commentary calculated to drive that price down.  Dkt. 12 at 2; Dkt. 14 at 1.  In 2024, Muddy Waters disclosed to the Comissão do Mercado de Valores Mobiliários ("CMVM") (the Portuguese analog of the SEC) that it had taken large short

---

[2] *See Block v. Barnes*, No. 1:22-CV-869-LY, 2023 WL 2732552 (W.D. Tex. Mar. 30, 2023), *report and recommendation adopted*, No. 1:22-CV-869-DAE, 2023 WL 4582396 (W.D. Tex. July 18, 2023).

positions in Mota-Engil (which is listed on the Lisbon EuroNext Stock Exchange) calibrated at just over Portugal's mandatory public-disclosure threshold of 0.5% through two Muddy Waters-managed funds organized and based in the Cayman Islands.  *See* Compl. ¶¶ 44–52.

This case concerns a lengthy article published by *Expresso*, a Portuguese newspaper, regarding an interview one of its reporters conducted with Mr. Mota Santos.  *See id.* ¶ 85.  The interview was conducted in Portuguese, by a Portuguese reporter, for a Portuguese audience, and devoted to topics of Portuguese interest.  *See* Dkt. 12 at 2.  The article's primary focus was the Portuguese construction industry's capacity to handle Portugal's upcoming public infrastructure projects, including high-speed rail projects between Porto and Lisbon, the new Lisbon airport, and metro expansions in Porto and Lisbon.  *See* Compl. Ex. A.  There was no mention of Texas.

Near the end of the interview, the reporter asked a single question about Muddy Waters's short-selling activity in Portugal.  *See id.*  She characterized (in Portuguese) a recent decline in Mota-Engil's stock as "caused by an investment fund considered a 'vulture,' Muddy Waters, who bets on stocks to fall," and then asked: "Should these movements be more controlled?"  Compl. ¶ 92.

Mr. Mota Santos responded (as translated into English by Muddy Waters): "They should. I think there is market manipulation.  I am not a capital market specialist or capital market regulation expert, but in my view, there was market manipulation[.]"  Compl. Ex. A.  Although he acknowledged that "[t]his fund may be followed by other funds," it was his belief that multiple funds "coordinated" their positions in a "concerted action to destroy the value" of Mota-Engil's stock.  *Id.*  He cited the specific reasons for this belief (none of which are alleged to be false), and he repeatedly qualified the statements as his "personal opinion," and not Mota-Engil's.  *Id.*  The interview was published in Portuguese on *Expresso*'s website on December 26, 2024.  *See id.*

Nearly a year to the day after the article was published (and right as the statute of limitations expired), Muddy Waters filed this lawsuit, asserting that Mr. Mota Santos's statements were defamatory under Texas law.  In the interim, Mota-Engil's stock price had nearly doubled, and the short position that Muddy Waters maintained in Mota-Engil stock through its managed funds was significantly out of the money, unless the position was covered or hedged in some undisclosed way.  Dkt. 12 at 3.  Having every motivation to drive down Mota-Engil's stock price, Muddy Waters filed a complaint jam-packed with specious (and irrelevant) "findings" about Mota-Engil's operations that reads more like one of its internet short reports than a legitimate suit, only this time cloaked with judicial-proceedings privilege.

Defendants moved to dismiss on three separate grounds: lack of personal jurisdiction, *forum non conveniens*, and failure to state a claim.  Dkt. 12–14.  On June 25, Judge Howell issued the R&R, recommending that the Court grant the motion to dismiss for lack of personal jurisdiction, without addressing *forum non conveniens* or whether the Complaint stated a claim. R&R at 1, 10. Muddy Waters objects to the R&R, claiming Judge Howell made several fundamental errors, but none of its arguments has merit.

## LEGAL STANDARD

The Court reviews objections to a report and recommendation *de novo*.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Muddy Waters bore the burden to make a *prima facie* case for personal jurisdiction.  *See Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).  To do so, it had to show that Defendants have "'minimum contacts' with the forum state." *M. W. Prince Hall Grand Lodge, Free & Accepted Masons of La., Inc. v. Anderson*, No. 24-30517, 2025 WL 1576802, at *2 (5th Cir. June 4, 2025) (quoting *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 215 (5th Cir. 2000)).  Even then, the exercise of personal jurisdiction still must comply with "traditional notions of fair play and substantial justice." *Id*.  While a

4

plaintiff may rely on uncontroverted allegations in the complaint, the Court need not credit "conclusory [jurisdictional] allegations or draw farfetched inferences." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (citation and quotations omitted).

## ARGUMENT

**I.    Judge Howell correctly found that Muddy Waters did not make a *prima facie* case for specific jurisdiction.**

There are two types of personal jurisdiction: general and specific. *See Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). Because Mota-Engil and Mr. Mota Santos are domiciled in Portugal, Muddy Waters argues only for specific jurisdiction. R&R at 3. Specific jurisdiction attaches on a claim-by-claim basis and "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citation omitted). It applies only if (1) the claim "arises out of or results from the defendant's forum-related contacts," and (2) the defendant "purposefully directed its activities toward the forum state." *Block*, 2023 WL 2732552, at *2 (citation omitted). To establish "purposeful direction" in a defamation case, a plaintiff must show the forum state was the "*focal point* both of the story and of the harm suffered." *Calder v. Jones*, 465 U.S. 783, 789 (1984) (emphasis added).

### A.  Muddy Waters's own Texas connections cannot establish specific jurisdiction.

For specific jurisdiction, the analysis is defendant focused: "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him with the forum in a meaningful way." *Walden*, 571 U.S. at 290. Here, Defendants have no real contacts with Texas at all, and zero contacts that relate to Muddy Waters's claims. At the outset, Muddy Waters's sole jurisdictional allegation was that, several years ago, a Mota-Engil subsidiary imported goods through the Port of Houston for use on a project in Central America. *See* Compl. ¶¶ 109–10. But Muddy Waters has since abandoned that allegation as a basis for

5

jurisdiction and is left with nothing else to say regarding Defendants' contacts with Texas. *See* Obj. at 2.

Instead, Muddy Waters now attempts to turn U.S. Supreme Court precedent on its head, contending that Judge Howell failed to properly consider Muddy Waters's own forum contacts in his analysis: its Austin headquarters, its alleged Texas injury, research that it purportedly conducted in Texas, and investment decisions that it purportedly made in Texas (but later executed through two Cayman entities on a Portuguese stock exchange). *Id.* at 10–14. Each of these contacts is a contact between Muddy Waters and Texas, not a contact between Defendants and Texas.

Judge Howell properly rejected Muddy Waters's position as inconsistent with *Calder*, *Walden*, and a host of subsequent authority from the Fifth Circuit and this Court, including most recently *Bhejana v. Ward*, 1:25-CV-2009-RP, 2026 WL 1603559 (W.D. Tex. June 1, 2026) (Pitman, J.). *See* R&R at 8–9. These cases make clear that "[t]he plaintiff [] 'cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.'" *Bhejana*, 2026 WL 1603559, at *4 (citing *Walden*, 571 U.S. at 285); *see also Walden*, 571 U.S. at 284 ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.") (citation omitted).

That approach makes sense: if Muddy Waters were correct, there would effectively be no jurisdictional limits on defamation claims. Muddy Waters could rely on the same allegations it has raised here to file a lawsuit in Texas against anyone, anywhere in the world, who said anything that Muddy Waters did not like about its controversial investment activity (which has sparked regulatory investigations across the globe), regardless of the defendant's connection to Texas, the

6

substance of the statements, where the statement was made, or to whom—as Muddy Waters and its principal have already shown they are wont to do. *See Block*, 2023 WL 2732552, at *1. This limitless jurisdiction is incompatible with due process and inconsistent with decades of Supreme Court and Fifth Circuit precedent.

**B.  Judge Howell correctly found that Texas is not the "focal point" of this case.**

Contrary to Muddy Waters's contentions, *Calder* does not hold that a plaintiff may sue for defamation in its home forum whenever a defendant allegedly knows the plaintiff could feel reputational harm there. *Calder* asks whether the forum was the "focal point of both the story and the harm suffered." *Calder v. Jones*, 465 U.S. 783, 789 (1984). And *Walden* has clarified that under *Calder*, the plaintiff cannot be the only link between the defendant and the forum. *See Walden*, 571 U.S. at 285.

The "focal point" test is not a close call here. By any conceivable measure, Portugal was the "focal point" of the statements and the *Expresso* article. *See* R&R at 6. The statements were made in Portuguese to a Portuguese newspaper and published in an article focused on subjects relevant to a Portuguese audience, including Portuguese infrastructure projects (high-speed rail, airports, and metro expansions), the capacity of Portuguese construction companies to execute these projects, and domestic policy issues affecting the Portuguese construction industry. *See* Compl. Ex. A. Moreover, the allegedly defamatory statements were in response to a question regarding Portuguese securities regulations and concerned Muddy Waters and its foreign affiliates' transactions in the stock of a Portuguese company listed on a Portuguese stock exchange and disclosures to Portuguese regulators. *See id.*

Texas did not come up once in the entire discussion, and the location of Muddy Waters's headquarters or where it conducted any purported "research" was entirely irrelevant to the story. *See id.* The Objections say that Defendants are liable because they "publicly accused a named

7

Texas investment adviser of criminal market manipulation," but even if that were true (it is not), the "criminal market manipulation" would have occurred in Portugal based on Portuguese securities laws, not in Texas or based on Texas or U.S. law.  Obj. at 9.

On these facts, Judge Howell was exactly right to hold that the focal point was Portugal, not Texas.  R&R at 6.  Time and time again, the Fifth Circuit, applying the "focal point" test, has said jurisdiction does not lie under these circumstances.  Like in *Revell v. Lidov*, the *Expresso* article "contain[ed] no reference to Texas, nor does it refer to the Texas activities of [Muddy Waters]."  317 F.3d 467, 473 (5th Cir. 2002).  Like in *Clemens v. McNamee*, which involved statements about a Texas baseball player's use of performance-enhancing drugs outside the state, Muddy Waters executed the relevant transactions outside of Texas.  *See* 615 F.3d 374, 377 (5th Cir. 2010).  It is irrelevant that Muddy Waters may have directed its Cayman-based affiliates to execute the trades from Texas—the trades were still executed within a foreign securities market, prompting disclosure to the CMVM and the questions from the *Expresso* reporter.  *See* Compl.  ¶¶ 6–7.

Even if Muddy Waters could draw some strained connection between the *Expresso* article and its own Texas-based activity, as it tries to do in the Objections, that would not suddenly convert Texas into the "focal point" of Mr. Mota Santos's statements.  In *Block*, this Court rejected Muddy Waters's founder's arguments that the defendant's defamatory comments implicated meetings and communications with Block in Texas and thus automatically gave rise to jurisdiction.  *Block*, 2023 WL 2732552, at *3.  Likewise, the Fifth Circuit affirmed dismissal in *M.W. Prince Hall Grand Lodge*, where the plaintiff accused the defendant of defamation through a statement that explicitly referenced "persistent and deliberate UNMASONIC acts" that took place in the forum.  2025 WL 1576802, at *1.  And in *Herman v. Cataphora Inc.*, the Fifth Circuit affirmed dismissal even though

8

the court acknowledged that the challenged statements concerned "some activity in Louisiana."

730 F.3d 460, 465 (5th Cir. 2013).  Here, the focal point of the *Expresso* article and the challenged

statements is plainly Portugal.

### C.  Muddy Waters wrongly argues that Judge Howell erred in his application of the "focal point" test.

Left with little to legitimately argue, Muddy Waters twists Judge Howell's analysis, tortures

the case law, and advances several unpersuasive arguments to claim Judge Howell erred in his

application of the "focal point" test.  For example, the Objections say that Judge Howell gave

undue weight to the location of the Defendants and did not properly consider where the statements

were "aimed."  *See* Obj. at 3.  But Judge Howell did not rely solely on Defendants' location and

did consider the intended audience of the statements.  *See* R&R at 6.  He found that "[n]one of

Defendants' statements were made in Texas, about Texas, or specifically directed at Texas

residents," and "[t]he facts underlying the dispute also took place outside of Texas," given the

statements at issue "concerned Muddy Waters' short positions in a Portuguese-listed security,

disclosed to Portuguese regulators, and executed on a Portuguese exchange through funds located

in the Cayman Islands—not anything Muddy Waters did in Texas."[3]  *Id.* at 6–7.

Later, Muddy Waters argues that Judge Howell improperly applied the law because the

statements were published on the internet, making them theoretically accessible to Texas readers.

*See* Obj. at 6.  But whether the article was on the internet and/or anyone in Texas actually read it

---

[3] Muddy Waters complains that Mr. Mota Santos made earlier remarks to other Portuguese news outlets to which Muddy Waters took offense and believes this fact supports exercise of jurisdiction. But this is a *non sequitur*.  Those statements are not at issue in this case (and any claims based on those statements are time-barred), are irrelevant to the "focal point" test, and have nothing to do with Texas either.  Just because Muddy Waters does not like what Mr. Mota Santos said about it at other points in time does not do anything to strengthen its jurisdictional allegations.

is beside the point.  The Fifth Circuit has repeatedly rejected the argument that publication of purportedly defamatory statements on the internet gives rise to jurisdiction in any forum in which the statements have been or could be accessed.  *See, e.g., M.W. Prince Hall Grand Lodge*, 2025 WL 1576802, at *5 (affirming dismissal on personal jurisdiction grounds because there was no basis to conclude that defendant "purposely directed [social media] posts to a Louisiana audience, or relied on Louisiana sources."); *Revell*, 317 F.3d at 473 (affirming dismissal when the article "contain[ed] no reference to Texas," did not "refer to the Texas activities of [plaintiff]," and "was not directed at Texas readers as distinguished from readers in other states."); *Herman*, 730 F.3d at 466 (finding no personal jurisdiction when there was no "showing that the statements' focal point was Louisiana.").

Muddy Waters also claims that the Court should not adopt the R&R because Judge Howell was wrong to say that "the premise that Muddy Waters suffered harm in Texas is itself questionable" because "it is doubtful many residents [of Texas] consume Portuguese-language publications like *Expresso*."  *See* Obj. at 10–11; R&R at 9–10.  As a preliminary matter, this portion of the R&R was mostly dicta and did not factor into the decision.  Before making that statement, Judge Howell already concluded that "[e]ven if the brunt of Muddy Waters's reputational harm was felt in Texas, the Fifth Circuit has consistently held that suffering harm in the forum state, without more, is insufficient to establish jurisdiction."  R&R at 9.  But even so, Judge Howell's conclusion was entirely reasonable.  Muddy Waters has not alleged that a single Texan read this article, which was published in another country and in a language that fewer than 0.2% of Texans

speak.[4]  The Court is not required to draw inferences that are farfetched or implausible, and the inference that this *Expresso* article had any significant reach in Texas is just that.  *Hurt v. Hunt Cnty., Tex.*, No. 3:25-CV-3154-D, 2026 WL 1067474, at *3 (N.D. Tex. Apr. 15, 2026) ("The prima facie method does not require the court to credit conclusory allegations, unproven assumptions, generalizations or farfetched inferences.").

Finally, Muddy Waters argues that Judge Howell did not give proper weight to the fact that Mr. Mota Santos mentioned the SEC's widely publicized investigation into Muddy Waters, and should have considered the SEC a Texas-based "source," giving rise to jurisdiction under *Calder*. Obj. at 12–14.  There are several flaws with this argument.  First, the SEC is not a Texas-based source; it is a federal entity based in D.C.  Second, it was not a source in the traditional sense and in the way sources were relevant in *Calder* and other cases.  In *Calder* and those other cases, the defendants reached out to the "source" in the forum state for purposes of collecting information to include in their articles.  *See Calder*, 465 U.S. at 785 ("relying on phone calls to sources in California for the information contained in the article.").[5]  Here, the news was widely publicized in the global financial press and made available to Mr. Mota Santos in Portugal without him actively reaching out to the U.S. or Texas.  There is no allegation that Mr. Mota Santos placed a call to the SEC in order to make the statement he made.  Third, the statement about the SEC

---

[4] Muddy Waters asserts, without more, that the *Expresso* article remains "in a publication still available online to any Texas reader," but again, it has not identified a single Texas reader who accessed it.  *See* Obj. at 12.

[5] *See, e.g., Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212–13 (5th Cir. 1999) (involving "numerous calls, letters and faxes" sent into Texas); *Lewis v. Fresne*, 252 F.3d 352, 358–59 (5th Cir. 2001) (involving fraudulent phone calls and documents sent into Texas); *Brown v. Flowers Indus., Inc.,* 688 F.2d 328, 332–34 (5th Cir. 1982) (involving a defamatory phone call initiated into the forum); *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625–28 (5th Cir. 1999) (involving misrepresentations directed to forum-state customers); *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 773–74 (1984) (involving meaningful circulation in the forum).

investigation was entirely accurate and not the subject of the defamation claims. Dkt. 18 at 4. If anything, the cases Muddy Waters has cited help Defendants because they illustrate exactly what this case lacks: no Texas calls, no Texas letters, no Texas sources, no Texas audience, and no statement about Texas conduct.[6]

**II.    Judge Howell correctly recommended that the Court dismiss the case for lack of personal jurisdiction with prejudice so that Muddy Waters cannot refile in Texas.**

Muddy Waters has misread Judge Howell's report to recommend dismissal with prejudice *on the merits*. That is not how dismissal with prejudice works in the context of a jurisdictional motion. Judge Howell's recommendation of dismissal with prejudice pertains only to *the issue of personal jurisdiction*. This type of dismissal is a common practice that allows a plaintiff to refile the case in a proper forum, but not the same forum. *See, e.g.*, *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132–33 (3d Cir. 2020) (affirming dismissal with prejudice for lack of personal jurisdiction because Plaintiff could refile in the proper forum state); *Cryopak Inc. v. Freshly LLC*, No. CV 23-18896, 2026 WL 1209868, at *7 (D.N.J. May 4, 2026) (same); *Meng v. Nye*, No. 3:17-CV-00077-M, 2017 WL 3421140, at *7 (N.D. Tex. Aug. 8, 2017) (Lynn, J.) (dismissing claims "with prejudice" on the jurisdictional issue after finding no *prima facie* showing of personal jurisdiction); § 4435 "On the Merits"—General Principles, 18A Fed. Prac. & Proc. Juris. § 4435 (3d ed.) (while dismissals for lack of personal jurisdiction do not "operate as an adjudication that bars a second action … such dismissals generally do preclude relitigation of the underlying issue of jurisdiction."). Indeed, "it has long been the rule that principles of res judicata

---

[6] Importantly, six of the seven new personal jurisdiction cases Muddy Waters cites predate *Walden* and thus cannot bear the weight Muddy Waters places on them. The only post-*Walden* case, *Trois*, is readily distinguishable because there, the defendant "reached out to Trois in Texas, via conference call," and made the alleged misrepresentations during that Texas-directed call. *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 489–92 (5th Cir. 2018).

apply to jurisdictional determinations." *Bank of La. v. Fed. Deposit Ins. Corp.*, 33 F.4th 836, 837 (5th Cir. 2022). While Muddy Waters is correct that it can refile in a different forum, it is wrong to argue that the Court cannot enter an order dismissing the claims with prejudice as to personal jurisdiction to preclude Muddy Waters from refiling this lawsuit in Texas.

Under no circumstance should Muddy Waters be granted leave to amend and extend a lawsuit against a foreign defendant that Muddy Waters had no business filing here in the first place. It had an opportunity to amend and chose not to. *See* Fed. R. Civ. P. 15(a)(1). It had its opportunity to present a *prima facie* case and failed. *See Walk Haydel & Assocs., Inc.*, 517 F.3d at 241 (plaintiff must make "a *prima facie* case for personal jurisdiction" when defendant disputes the factual bases for jurisdiction). It did not seek leave to amend its complaint, nor has it identified facts it could add in an amendment that would rectify the fatal jurisdictional flaws in its suit. *See* Dkt. 17. Nor should it receive a second bite at the apple. Litigation against Mota-Engil and Mr. Mota Santos in this forum should come to an end now.

## CONCLUSION

Defendants respectfully request that the Court overrule Plaintiff's Objections, adopt the R&R, and dismiss this action with prejudice to refiling in Texas or further amendment.

13

Dated: July 23, 2026

**ALLEN OVERY SHEARMAN STERLING US LLP**

By: */s/Emily Westridge Black*
Emily Westridge Black
Tex. Bar No. 24060815
300 W. 6th Street, Suite 2250
Austin, Texas 78701
(512) 647-1900
emily.westridgeblack@aoshearman.com

William D. Marsh, Jr.
Tex. Bar No. 24092762
The Link at Uptown
2601 Olive Street, 17th Floor
Dallas, Texas 75201
(214) 271-5777
billy.marsh@aoshearman.com

*Counsel for Defendants Carlos António Vasconcelos Mota Dos Santos and Mota-Engil, SGPS, S.A.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 23, 2026, the foregoing was served on all counsel of record in compliance with the Federal Rules of Civil Procedure.

*/s/Emily Westridge Black*

14